◼ In the Matter of LAWRENCE INVESTING Co., INC., Respondent-Appellant, v. BOARD OF REVIEW OF THE DEPARTMENT OF ASSESSMENT OF THE TOWN OF EASTCHESTER et al., Appellants-Respondents. In the Matter of LAWRENCE INVESTING Co., INC., Respondent-Appellant, v. MAYOR AND TRUSTEES OF THE VILLAGE OF BRONXVILLE et al., Appellants-Respondents.— In consolidated proceedings pursuant to article 7 of the Real Property Tax Law to review assessments of certain real property, for the following assessment years: 1967 through 1972 as to the Village of Bronxville and 1970 through 1972 as to the Town of Eastchester, (1) the respondent municipal boards and officials appeal from so much of an order of the Supreme Court, Westchester County, dated July 16, 1973, as granted the branch of petitioner's motion which was to amend petitioner's filed protests as to the assessments by the assessor of the town for the assessment years 1967 through 1970 to include "inequality" as a ground for an objection to said assessments for said years and (2) petitioner cross-appeals from the remainder of the order, which denied the other branch of its motion, which was for the same relief, as to the assessment by the assessor of the Village of Bronxville for the assessment year 1970. Order modified, by striking the second decretal paragraph thereof, which denied petitioner's motion as to the Village of Bronxville, and substituting therefor the following provision: "ORDERED that the protest filed against the assessment fixed and imposed by the Village of Bronxville on the premises described above for the assessment year 1970 be and hereby is amended so that the protest for said year shall conform with the allegations contained in the petitions herein and shall specifically include 'Inequality' as a ground for an objection to the assessment for said year." As so modified, order affirmed, without costs. Under the facts extant herein, the failure to include "inequality" in the protest forms provided by the appellant municipalities as a ground for challenging the assessments for the subject property herein is a technical, but by no means a nonwaivable jurisdictional defect. Special Term properly granted petitioner's motion to conform the protests to the petitions, as against the Town of Eastchester. The Village of Bronxville was fully apprised of all the grounds for challenging its assessment upon the subject property for the year 1970, so that a granting of the motion as to it would not have resulted in surprise or prejudice (cf. Matter of Mauser v. Rizzardi, 42 A D 2d 929). Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.